■ MICHAEL BONGIORNO, Appellant, v PHILIP HAYDEN, Respondent. [649 NYS2d 684] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered on or about September 11, 1995, which, in an action seeking a declaration that if a paternity proceeding were to be brought in New York by defendant against plaintiff it would be dismissed for failure to comply with the requirement of Family Court Act § 517 that such a proceeding be brought before the child reaches the age of 21, denied plaintiff putative father's motion for a default judgment and dismissed the action for lack of jurisdiction, unanimously affirmed, without costs.

Plaintiff seeks the above declaration in the belief that it will avail him in a paternity proceeding brought against him by defendant in an Italian court. We agree with the motion court that there is no merit to plaintiff's claim of in rem jurisdiction under CPLR 314 (2) by reason of his assets in New York to which defendant could assert a claim in the event paternity is

established, and that the action should be dismissed for lack of jurisdiction. As the motion court explained, the declaration plaintiff seeks does not put into dispute the parties' title or interest in any specific property in New York, but rather the meaning and effect of a time limitation on the bringing of paternity suits. We would add that the action is, in any event, not ripe for determination while the paternity suit in Italy remains pending. Nor is there merit to plaintiff's claim that a prior order of another Justice pursuant to CPLR 308 (5), permitting plaintiff to serve defendant by publication in Puerto Rico, constituted law of the case as to the existence of a basis for jurisdiction. We have considered plaintiff's other claims and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Nardelli, Tom and Andrias, JJ.